UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| MARILYN M. GARDNER ) <br> ) <br> ) <br> ) <br> PLAINTIFF ) <br> v. ) <br> ) <br> ) <br> WESTERN KENTUCKY UNIVERSITY; ) <br> GARY A. RANSDELL, individually and ) <br> in his official capacity as President of ) <br> Western Kentucky University; BOARD ) <br> OF REGENTS OF WESTERN ) <br> KENTUCKY UNIVERSITY; ) <br> MELISSA DENNISON, in her official ) <br> capacity as a Member of the Board of ) <br> Regents; YEVETTE HASKINS, in her ) <br> official capacity as a Member of the ) <br> Board of Regents; FREDERICK A. ) <br> HIGDON, in his official capacity as a ) <br> Member of the Board of Regents; ) <br> COLTON JESSIE, in his official capacity ) <br> as a Member of the Board of Regents; ) <br> JIM JOHNSON, in his official capacity ) <br> as a Member of the Board of Regents; ) <br> JAMES KENNEDY, in his official ) <br> capacity as a Member of the Board of ) <br> Regents; JIM MEYER, in his official ) <br> Capacity as a Member of the Board of ) <br> Regents; DR. PATRICIA MINTNER, ) <br> in her official capacity as a Member of ) <br> the Board of Regents; J. DAVID ) <br> PORTER, in his official capacity as a ) <br> Member of the Board of Regents; ) <br> ROB WILKEY, in his official capacity as ) <br> a Member of the Board of Regents; ) <br> LAURENCE J. ZIELKE, in his official ) <br> capacity as a Member of the Board of ) <br> Regents ) <br> ) <br> DEFENDANTS ) | CIVIL RIGHTS COMPLAINT FOR DECLARATORY, INJUCTIVE, AND MONETARY RELIEF; DEMAND FOR JURY  TRIAL <br><br> CASE NO.: 1:11CV-79-R |

## INTRODUCTION

1. This action challenges the unlawful discriminatory actions of Defendant Western Kentucky University against Plaintiff Marilyn Gardner. Plaintiff seeks declaratory, injunctive, and monetary relief under Title I of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq*.); Section 504 of the Rehabilitation Act of 1972 (Section 504) (29 U.S.C. § 794 *et seq*.); and the Kentucky Civil Rights Act (KCRA) (K.R.S. 344. 010 *et seq*.)

## I. JURISDICTION AND VENUE

2. This is a civil rights action brought to remedy Defendant's violation of the Title I of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Section 504), and the Kentucky Civil Rights Act (KCRA).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the state law claims because Plaintiff's state law claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants reside and the violations discussed herein occurred in Warren County, Kentucky.

5. Plaintiff was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission (EEOC) on February 24, 2011 which she received on or

about March 2, 2011. This complaint has been filed within ninety days of the Plaintiff's receipt of the Notice of the Right to Sue.

## II. PARTIES

6. Plaintiff Marilyn M. Gardner is an Associate Professor in the Department for Public Health, Western Kentucky University and resides in Warren County, Kentucky. Plaintiff has myasthenia gravis, a neuromuscular disorder, and bilateral hearing loss. She is substantially limited in the major life activities of performing manual tasks, seeing, hearing, walking, standing, lifting, bending, speaking, breathing and reading, and therefore has a disability which must be accommodated by WKU.

7. Defendant Western Kentucky University (WKU) is a non-profit Kentucky corporation doing business in Bowling Green, Warren County, a Kentucky institution of higher learning with its principal place of business located at 1906 College Heights Boulevard, Bowling Green, Kentucky 42101.

8. Defendant Gary A. Ransdell is president of Western Kentucky University. He is being sued in his individual and official capacities for the purposes of this action.

9. Defendant Board of Regents of Western Kentucky University (Board of Regents) is a corporate body established pursuant to K.R.S. 164.350. The Board of Regents constitutes the governing authority of Western Kentucky University. Defendants Melissa Dennison, Yevette Haskins, Frederick A. Higdon, Colton Jessie, Jim Johnson, James Kennedy, Jim Meyer, Dr. Patricia Mintner, J. David Porter, Rob Wilkey and Laurence J. Zielke are the individual members of the Western

Kentucky University Board of Regents, and are sued in their official capacities for the purposes of this action.

### III. STATEMENT OF FACTS

10. Plaintiff Marilyn M. Gardner has myasthenia gravis and bilateral hearing loss. Myasthenia gravis is an autoimmune disorder that affects the transmission of nerve signals to the skeletal muscles (those that control voluntary movement). Plaintiff's symptoms include a drooping eyelid; blurred or double vision; impaired speech; difficulty chewing and swallowing; weakness in her arms, legs and neck; facial drooping; chronic muscle fatigue; and difficulty breathing. She is substantially limited in the major life activities of performing manual tasks, seeing, hearing, walking, standing, lifting, bending, speaking, breathing and reading.

11. Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Kentucky Civil Rights Act (KCRA).

12. Marilyn is employed by WKU, having been initially hired in August 2001. She is currently an associate professor in the Department of Public Health and is tenured.

13. WKU is an employer and has in excess of 15 employees.

14. WKU is a recipient of federal funding.

15. Defendant Ransdell is president of WKU and thus responsible for ensuring that WKU properly follows the law, including the ADA, Section 504 and the KCRA.

16. Defendants Board of Regents and the individually named members of the Board of Regents are the governing authority of WKU and thus responsible for ensuring that WKU properly follows the law, including the ADA, Section 504 and the KCRA.

17. As an associate professor at WKU in the Department for Public Health, Plaintiff teaches numerous public health classes both at the undergraduate and graduate level, in addition to developing numerous web-based public health classes. She has been the Principal Investigator/Co-Principal Investigator for numerous grants and contracts, provided program accreditation activities for WKU and published articles, reports and other scholarly writings. She has presented nationally and regionally and engaged in public service activities at the university, state and national levels.

18. On or about September 8, 2006, Plaintiff made a request through WKU's Department for Human Resources (HR) for accommodations based on the worsening of her myasthenia gravis symptoms following a work-related injury.

19. Following a second work-related injury in October 2006 and a further worsening of her symptoms, Plaintiff followed up with her accommodations request in February 2007 and was told by HR that nothing had been received from her treating physician.

20. Information was obtained from Plaintiff's treating physician regarding Plaintiff's condition and requested accommodations.

21. Since that time, Plaintiff's symptoms have continued to worsen and she has made further requests for other reasonable accommodations, including requests for reasonable accommodations based on her bilateral hearing loss.

22. WKU did not provide or did not timely provide reasonable accommodations.

23. Plaintiff filed a dual complaint with the Kentucky Commission on Human Rights and the Equal Employment Opportunity Commission on or about October 2, 2008. She received the Notice of Right to Sue on or about March 2, 2011 from the Equal Employment Opportunity Commission (EEOC).

24. Since the initial request for accommodations, various WKU officials and personnel have taken retaliatory/adverse actions including, but not limited to:

    a. Plaintiff was accused of poor grant management and inappropriate financial transactions

    b. Plaintiff was denied agreed-upon payment for her work as the Self-study Coordinator for the Council on Education in Public Health (CEPH) accreditation.

    c. Plaintiff was denied release time from teaching usually provided when a professor performs other WKU-related activities, such as grant or accreditation work.

    d. Plaintiff was provided inconsistent and inaccurate annual evaluations.

## IV. COUNT I

### TITLE I OF THE AMERICANS WITH DISABILITIES ACT

25. Plaintiff reincorporates and realleges the allegations contained in numerical paragraphs 1 through 24 as if fully set out herein.

26. It is unlawful under Title I of the ADA for a covered entity not to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified employee with a disability unless doing so would impose an undue hardship on the operation of its business. 42 U.S.C. § 12112(b)(5)(A).

27. Plaintiff is an employee of WKU. 42 U.S.C. §12111(4).

28. Plaintiff is a qualified individual with a disability who is able to perform the essential functions of her position with reasonable accommodations. 42 U.S.C. § 12111(8).

29. Defendant WKU is an employer and thus a covered entity. 42 U.S.C. § 12111(2).

30. Defendants knew of Plaintiff's physical limitations and failed to reasonably accommodate them.

31. The accommodations requested by Plaintiff would not and do not impose an undue hardship on the operation of WKU's business.

32. Defendants' failure to make reasonable accommodations to Plaintiff is unlawful discrimination.

## V. COUNT II: SECTION 504

33. Plaintiff reincorporates and realleges the allegations contained in numerical paragraphs 1 through 24 as if fully set out herein.

34. Section 504 of the Rehabilitation Act prohibits discrimination based on disability in the terms and conditions of employment, including the denial of a reasonable accommodation to enable the employee to perform the essential functions of the job. 29 U.S.C. § 794.

35. At all times relevant to this Complaint, Plaintiff was an individual with a disability.

36. At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability in that she was and is able to perform the essential functions of a faculty member in the Department of Public Health at WKU with reasonable accommodations.

37. Defendant WKU receives Federal financial assistance.

38. Defendants have failed to provide Plaintiff reasonable accommodations.

39. Failure to provide reasonable accommodations is in violation of Section 504 of the Rehabilitation Act.

## VI. COUNT III: KENTUCKY CIVIL RIGHTS ACT

40. Plaintiff reincorporates and realleges the allegations contained in numerical paragraphs 1 through 24 as if fully set out herein.

41. It is unlawful for an employer under the Kentucky Civil Rights Act to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because the person is a qualified individual with a disability. K.R.S. 344.040(1)(a).

42. Defendant WKU is an employer. K.R.S. 344.030(2).

43. Plaintiff is a qualified individual with a disability. K.R.S. 344.030(1).

44.  Defendants failed to provide reasonable accommodations.

45. Failure to provide reasonable accommodations is in violation of the Kentucky Civil Rights Act.

## COUNT IV: RETALIATION IN VIOLATION OF THE ADA

## SECTION 504 AND THE KCRA

46. Plaintiff reincorporates and realleges the allegations contained in numerical paragraphs 1 through 24 as if fully set out herein.

47. The ADA, Section 504 and the KCRA prohibit retaliation against an individual with a disability for exercising rights protected by the Acts.  42 U.S.C. § 12203(a); 29 U.S.C. § 794a; K.R.S. 344.280.

48. The actions alleged in numerical paragraph 24 were in retaliation for Plaintiff's efforts to obtain reasonable accommodation and for her filing of the EEOC complaint, and were in violation of the ADA, Section 504 and the KCRA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Marilyn M. Gardner respectfully requests that the Court:

1. Retain jurisdiction over this case;

2. Declare and adjudge that Defendants' practices, actions and omissions have violated Plaintiff's rights under Title I of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and the Kentucky Civil Rights Act (KCRA);

3. Enjoin Defendants from violating Plaintiff's rights as protected under Title I of the ADA, Section 504 of the Rehabilitation Act of 1973, and the KCRA;

4. Award to Plaintiff all appropriate damages, including actual and statutory according to proof, including humiliation and embarrassment;

5. Award reasonable attorneys fees to Plaintiff;

6. Award the costs of this action; and

Gardner Complaint
Page 9 of 10

7.  Grant any and all other relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

                Respectfully submitted,

                s/ Heidi Schissler Lanham
                Heidi Schissler Lanham
                heidi.schissler@ky.gov
                Leslie A. Jones
                leslie.jones@ky.gov
                Protection and Advocacy
                100 Fair Oaks Lane
                Third Floor
                Frankfort, Kentucky 40601
                (502)564-2967 Phone
                (502)564-0848 Fax
                Counsel for Plaintiff