**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 05, 2016

Ms. Marilyn M. Gardner
1265 Chestnut Street
Bowling Green, KY 42101

Mr. Thomas N. Kerrick
Kerrick Bachet
P.O. Box 9547
Bowling Green, KY 42102-9547

Re: Case No. 15-6121, *Marilyn Gardner v. Western Kentucky University, et al*
Originating Case No. : 1:11-cv-00079

Dear Counsel and Ms. Gardner:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc: Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 15-6121

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 05, 2016
DEBORAH S. HUNT, Clerk

MARILYN M. GARDNER,  )
    Plaintiff-Appellant,  )
v.  ) ON APPEAL FROM THE UNITED
  ) STATES DISTRICT COURT FOR
  ) THE WESTERN DISTRICT OF
WESTERN KENTUCKY UNIVERSITY, et al.,  ) KENTUCKY
  )
    Defendants-Appellees.  )

O R D E R

Before: MOORE, CLAY, and GRIFFIN, Circuit Judges.

Marilyn M. Gardner, a Kentucky resident, appeals pro se the summary judgment for defendants in an action she filed under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213; § 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Kentucky Civil Rights Act. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Gardner was hired by defendant Western Kentucky University (WKU) as an assistant professor in 2001. In 2006, she was promoted to an associate professor and granted tenure. At the end of that year, she submitted a request for accommodation based on her disabilities of myasthenia gravis and hearing loss. In her complaint, filed with counsel in 2011, she sought monetary damages from WKU, its president, and its Board of Regents, on the basis that defendants had delayed providing her with necessary accommodations she requested between 2007 and 2010 or had failed to provide such accommodations. She also alleged that the defendants retaliated against her for requesting accommodations.

Case 1:11-cv-00079-DJH-LLK   Document 41   Filed 07/06/16   Page 3 of 4 PageID #: 1918
Case: 15-6121   Document: 18-2   Filed: 07/05/2016   Page: 2   (3 of 4)

No. 15-6121
- 2 -

Following discovery, defendants moved for summary judgment, and Gardner filed a response. The district court granted summary judgment in favor of the defendatnts, and this appeal followed.

We review a decision granting summary judgment de novo, and will affirm where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute of material fact. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).

De novo review of the record in this case confirms the district court's conclusion that Gardner failed to establish a prima facie case of failure to accommodate under the ADA, because she did not establish that her employer failed to provide necessary accommodations without which she was unable to perform the essential functions of her job. *See Gaines v. Runyon*, 107 F.3d 1171, 1175–78 (6th Cir. 1997). The evidence shows that WKU provided the accommodations requested by Gardner, including furnishing her a handicapped parking sticker, an office with a window, an ergonomic chair, assistance with carrying her materials, and a printer in her office, as well as allowing her to teach courses online. Gardner claims that all of these accommodations were provided only after significant delays, but she does not allege that the delays prevented her from performing the essential functions of her position. The only remaining dispute was over the accommodation Gardner requested to allow her to attend departmental meetings remotely. Gardner argues that defendants did not make a good faith effort to employ Adobe Connect software that would provide her an audio and visual feed of the meetings, as well as the ability to text comments onto a screen at the meeting when she was unable to speak. Defendants asserted that the software did not work in large meetings because Gardner could not hear all of the speakers. Instead, they provided remote access by speaker phone, and told Gardner she could provide written comments before or after the meetings if she was unable to speak. Alternatively, defendants told Gardner that she would not be required to attend meetings when she was too ill to do so, but could find out what the meetings addressed and comment later. Gardner is still employed as an associate professor and points to no evidence that these accommodations prevented her from performing the essential functions of her job.

No. 15-6121
- 3 -

Gardner also challenges the grant of summary judgment on her claim of retaliation. In order to establish a prima facie case, she was required to show that she engaged in protected activity, her employer was aware of the activity, an adverse action was taken against her that would dissuade a reasonable person from engaging in the protected activity, and there is a causal connection between the protected activity and the adverse action. *See A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013). There is no dispute that Gardner engaged in the protected activity of requesting accommodations for her disabilities and that defendants were aware of her protected activity. Gardner points to a request for updated information from her doctor as an adverse action in the form of harassment. However, no evidence supports her contention that the request was harassing rather than a legitimate request to update medical information that was a few years old. *Cf. Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 182–83 (6th Cir. 2004) (setting forth examples of adverse actions). Gardner also relies on the compensation she received for a special project, which she alleges was less than she anticipated. She relies on *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 283 (6th Cir. 2012), to argue that the temporal proximity between one of her requests for accommodation and the decision on how much she would be paid for the project permits an inference of retaliation. However, because Gardner did not have a contract for any amount of compensation for the project, and provided no evidence that other faculty members had been paid the amount she requested to complete similar projects, there is no evidence that payment of a lesser amount than she hoped was an adverse action.

In summary, because Gardner failed to establish a prima facie case of failure to accommodate or retaliation, the district court's grant of summary judgment to defendants is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk